UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMONA ANN FREEMAN, | ) |
| Appellant, | ) |
| v. | ) No. 1:24-cv-01416-JPH-KMB |
| PHH MORTGAGE CORPORATION, | ) |
| Appellee. | ) |

**ORDER REVERSING THE BANKRUPTCY COURT'S ORDER**

In her bankruptcy case, Demona Freeman filed a motion to hold PHH Mortgage Corporation in contempt for trying to collect mortgage debt that had been discharged. The Bankruptcy Court granted summary judgment on the motion in favor of PHH based on collateral estoppel from prior district-court litigation. Ms. Freeman appealed to this Court. For the reasons below, the Bankruptcy Court's order is **REVERSED**.

**I.
Facts and Background**

Neither party contends that the Bankruptcy Court's relevant factual findings were clearly erroneous, *see In re Miss. Valley Livestock, Inc.*, 745 F.3d 299, 302 (7th Cir. 2014), so the Court recites the uncontested facts from the Bankruptcy Court's summary-judgment order, *see* dkt. 11 at 6–9.

Ms. Freeman bought a house in Westfield, Indiana in 2003. Dkt. 11 at 6–7. Ocwen—the predecessor to PHH—began servicing Ms. Freeman's mortgage on the house in September 2011. *Id.* at 7, 9.

1

To save the house from foreclosure, Ms. Freeman filed a Chapter 13 bankruptcy petition in April 2012. *Id.* at 7; *see In re Freeman*, No. 12-04713-JJG-13, dkt. 1 (Bankr. S.D. Ind.). In those proceedings, the Bankruptcy Court disallowed part of Ocwen's claimed pre-petition arrearage but allowed it to claim $12,378.10. Dkt. 11 at 7. In April 2017, the Chapter 13 trustee filed a notice that Ms. Freeman had "completed all payments under the plan," including "all allowed pre-petition amounts." *Id.* at 7, 326. Later that month, Ocwen filed a response agreeing that Ms. Freeman had "paid in full the amount required to cure the pre-petition default on the creditor's claim." *Id.* at 7–8, 329. In November 2017, the Bankruptcy Court discharged Ms. Freeman's debts under 11 U.S.C. § 1328(a). *Id.*; dkt. 5-6.

However, in a February 2018 review of the mortgage, Ocwen failed to remove amounts that the Bankruptcy Court had disallowed and erroneously determined that Ms. Freeman was delinquent. Dkt. 11 at 8. Because of that error, Ocwen began foreclosure proceedings in May 2018. *Id.* The next month, Ocwen told Ms. Freeman that it would not accept monthly payments and "instead demanded that she fully cure the alleged default." *Id.*

In December 2018, Ms. Freeman sued Ocwen (and the mortgage-assignee bank) in federal district court alleging violations of several consumer-protection statutes. *Id.*; *see Freeman v. Ocwen Loan Servicing, LLC,* 1:18-cv-3844-TWP-MKK dkt. 1, dkt. 84 (S.D. Ind.) (second amended complaint). In January 2020, the district court dismissed Ms. Freeman's discharge-violation claim, finding that it had to be raised to the Bankruptcy Court. Dkt. 11 at 8.

2

The district court later dismissed her Fair Credit Reporting Act claim for failure to state a claim and her Fair Debt Collection Practices Act (FDCPA) claim for lack of standing, and the Seventh Circuit affirmed. *Freeman v. Ocwen Loan Servicing, LLC*, 113 F.4th 701 (7th Cir. 2024).

In January 2021, Ms. Freeman filed an adversary proceeding against PHH in Bankruptcy Court to reassert her discharge-violation claim. Dkt. 11 at 9. The Bankruptcy Court granted summary judgment to PHH on that claim in August 2023 because that claim had to be raised "in the underlying bankruptcy case . . . where the discharge order was actually entered." *Id.*

In October 2023, Ms. Freeman filed a motion in that underlying bankruptcy case to hold PHH, as Ocwen's successor, in contempt for violating the discharge order, which enjoined the collection of discharged debt. *Id.* at 9. The Bankruptcy Court granted summary judgment to PHH on that motion, holding that even if PHH violated the discharge order, no damages were recoverable because collateral estoppel applied from the prior district-court litigation and punitive damages would not be appropriate. *Id.* at 6–22.

Ms. Freeman appealed the Bankruptcy Court's ruling to this Court under 28 U.S.C. § 158(a). Dkt. 1.

## II.
## Bankruptcy Appeal Standard

The Court "review[s] a bankruptcy court's factual findings for clear error and its legal conclusions *de novo*." *In re Miss. Valley Livestock, Inc.*, 745 F.3d

3

at 302. "The decision whether to grant summary judgment is a legal conclusion." *Id.*

### III.
### Analysis

When a bankruptcy court discharges debt, that discharge "operates as an injunction against" attempts to collect that debt. 11 U.S.C. § 524(a)(2); *see Harrington v. Purdue Pharma L.P.*, 603 U.S. 204. 221 (2024) ("[A] discharge releases the debtor from its debts and enjoins future efforts to collect them."). If the injunction is violated, a court may "impose civil contempt sanctions when there [was] no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order." *Taggart v. Lorenzen*, 587 U.S. 554, 560 (2019).

Here, the Bankruptcy Court considered that standard and concluded that "PHH has not established that it is entitled to judgment as a matter of law as to its liability under the *Taggart* standard." Dkt. 11 at 13. Despite that finding, it granted PHH summary judgment because, in separate litigation between these parties, the district court held that Ms. Freeman "failed to establish" a concrete injury for an FDCPA claim. *Id.* at 13–14, 22 (quoting *Freeman*, 1:18-cv-3844-TWP-DLP, 2023 WL 4351501 at *13 (S.D. Ind. July 5, 2023)). The Bankruptcy Court held that this prior ruling barred Ms. Freeman "from relitigating the issue of damages" for her contempt motion under "the principles of collateral estoppel." *Id.* at 13–18.

4

On appeal to this Court, Ms. Freeman argues that collateral estoppel cannot stem from standing rulings. Dkt. 10 at 8–9. PHH responds that Ms. Freeman's lack of damages for the conduct at issue has been conclusively resolved in the prior district-court litigation, so the Bankruptcy Court correctly found that Ms. Freeman could not argue otherwise in contempt proceedings. Dkt. 15 at 19–24.

Standing rulings can support collateral estoppel only in narrow circumstances. *See Ashe v. Swanson*, 397 U.S. 436, 443 (1970) (Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."). That's because collateral estoppel based on jurisdictional issues only "precludes relitigation of the issue *actually decided*, namely *the jurisdictional issue*." *Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000) (emphases added). So while a "judgment on the merits precludes relitigation of any ground within the compass of the suit," a standing dismissal only "precludes relitigation of the same standing argument." *Id.*; *accord United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 651 (7th Cir. 2013) ("[I]f the court merely determines . . . that there is no standing, it cannot make a merits determination and so its dismissal of the claim will have no res judicata effect.").

Here, in the prior litigation, the district court's relevant holding was only that Ms. Freeman "lacks Article III standing to pursue her FDCPA claim" because she "failed to establish that she suffered a concrete injury that is fairly

5

traceable to Ocwen's alleged violations of the FDCPA." *Freeman*, 2023 WL 4351501 at *13. The Seventh Circuit affirmed that "the district court properly dismissed [Ms. Freeman's] FDCPA claim for lack of standing." *Freeman*, 113 F.4th at 711. Those rulings—expressly limited to standing for Ms. Freeman's FDCPA claim—therefore cannot, as a general rule, support collateral estoppel on the merits.[1] *Perry*, 222 F.3d at 318; *cf. Funds in the Amount of $574,840*, 719 F.3d at 652 ("A claim may be valid, but if it is brought in the wrong court that court has no authority to determine its validity; the case is therefore dismissed without prejudice and so can be refiled in a different court.").

There is a limited exception that gives a standing dismissal partial preclusive effect "with respect to the facts determined by that ruling." *Funds in the Amount of $574,840*, 719 F.3d at 652[2]; *see Okoro v. Bohman*, 164 F.3d 1059, 1062–63 (7th Cir. 1999). But a judgment based on a standing dismissal involves relatively few determined facts because standing is specific to the claim at issue. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). Ms. Freeman's standing dismissal therefore determined only that she did not "show[] that she suffered a concrete injury that is fairly traceable to Ocwen's

---

[1] PHH argues—with no factual or legal support—that the district court's judgment "constitutes a final adjudication on the merits." Dkt. 15 at 22. But the judgment does not purport to be on the merits, *Freeman*, 1:18-cv-3844-TWP-MKK, dkt. 486, and arguing otherwise is "a contradiction" because "the failure of subject-matter jurisdiction precludes consideration of the merits," *Flynn v. FCA US LLC*, 39 F.4th 946, 954 (7th Cir. 2022).

[2] A standing dismissal may also have preclusive effect when a suit is "frivolous" or "intended to harass," *Funds in the Amount of $574,840*, 719 F.3d at 652, but PHH does not make such an argument about the prior district-court litigation. *See* dkt. 15.

alleged FDCPA violations." *Freeman*, 2023 WL 4351501 at *13. Anything more than that could not have been "*necessary* to the judgment" as required for collateral estoppel to apply. *Magnus Elecs., Inc. v. La Republica Argentina*, 830 F.2d 1396, 1402 (7th Cir. 1987); *accord MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019).

The district court's FDCPA-specific standing ruling therefore cannot preclude Ms. Freeman's contempt claim, since FDCPA damages are narrower than the damages she seeks in the Bankruptcy Court. FDCPA standing requires that the plaintiff "suffer a harm identified by the Act, such as paying money she did not owe or would have disputed." *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021). So anxiety, embarrassment, stress, annoyance, intimidation, indignation, confusion, and even "hiring a lawyer to resolve confusion" are not concrete FDCPA harms. *Id.* at 668–70; *Freeman*, 113 F.4th at 708. In her contempt proceeding, by contrast, Ms. Freeman seeks damages for—among other things—"emotional distress, loss of sleep, embarrassment, and anxiety."[3] Dkt. 5-7 at 20–21; *see Taggart*, 587 U.S. at 560 ("Under traditional principles of equity practice, courts have long imposed civil contempt sanctions to . . . compensate the complainant for losses stemming from the defendant's noncompliance with an injunction.").

---

[3] PHH disputes whether Ms. Freeman actually suffered any of the harm she alleges, dkt. 15 at 9–11, 25–27, but that question is independent of the only legal question before this Court—whether collateral estoppel applies, *see Magnus Elecs., Inc.*, 830 F.2d at 1402.

7

In sum, the narrow FDCPA standing dismissal did not determine that Ms. Freeman could not have suffered any of the damages recoverable in her contempt proceeding. Indeed, the Seventh Circuit has recognized that contempt proceedings in the bankruptcy court provide another "avenue to relief" when standing requirements prevent an FDCPA claim. *Pucillo v. Nat'l Credit Sys., Inc.*, 66 F.4th 634, 642 n.4 (7th Cir. 2023). Collateral estoppel therefore does not short-circuit the contempt proceedings, and the Bankruptcy Court's decision is reversed.[4]

This order does not address whether PHH ought to be held in contempt or, if so, what sanctions—if any—should be imposed. Those are issues for the Bankruptcy Court in the first instance. *See Motorola Sols., Inc. v. Hytera Commc'ns. Corp.*, 108 F.4th 458, 478 (7th Cir. 2024) (A court on appeal acts as "a court of review, not one of first view.").

## IV.
## Conclusion

The Bankruptcy Court's order granting summary judgment to PHH on Ms. Freeman's motion for contempt is **REVERSED** and this matter is **REMANDED** to the Bankruptcy Court for further proceedings. Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 9/30/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[4] Because the Bankruptcy Court's collateral-estoppel ruling underpinned its punitive-damages ruling, the Court reverses the entirety of the Bankruptcy Court's order without addressing the parties' arguments regarding the punitive-damages ruling.

Distribution:

All electronically registered counsel