UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEMONA ANN FREEMAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01416-JPH-KMB |
| | ) | |
| PHH MORTGAGE CORPORATION, | ) | |
| | ) | |
| Appellee. | ) | |

## ORDER DENYING MOTION TO CERTIFY ORDER FOR APPEAL

In an underlying bankruptcy case, Demona Freeman sought to hold PHH Mortgage Corporation in contempt for trying to collect mortgage debt that had been discharged. *See* dkt. 11 at 9. The Bankruptcy Court granted PHH summary judgment based on collateral estoppel, *id.* at 6–22, and Ms. Freeman appealed to this Court. Dkt. 1. In September 2025, this Court reversed the Bankruptcy Court's order and remanded for further proceedings. Dkt. 20.

PHH filed a notice of appeal at the end of October 2025, dkt. 22, and on January 7, 2026 the Seventh Circuit dismissed the appeal for lack of jurisdiction, dkt. 27 (dismissing appeal because an "order reversing a final judgment of the bankruptcy court and remanding for resolution of issues of fact is not final within the meaning of [28 U.S.C.] § 158(d)"). More than a month later, at the end of February 2026, PHH filed a motion to certify the order reversing the Bankruptcy Court for interlocutory appeal to the Seventh Circuit under 28 U.S.C. § 1292(b).

1

"Interlocutory appeals are frowned on in the federal judicial system." *Sterk v. Rebox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012). Nevertheless, a district judge may certify for appeal "an order not otherwise appealable" if it "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "There is also a non-statutory requirement: the petition [to certify an order for appeal] must be filed in the district court with a *reasonable time* after the order sought to be appealed." *Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000); *accord Union Pacific R.R. Co. v. Ill. Mine Subsidence Ins. Fund*, 138 F.4th 1045, 1051 n.4 (7th Cir. 2025). "Unless *all* these criteria are satisfied, the district court may not and should not certify its order." *Ahrenholz*, 219 F.3d at 676.

PHH filed its motion to certify about five months after the order reversing the Bankruptcy Court's decision. *See* dkt. 20; dkt. 28. PHH argues that this was a "reasonable time" because it filed its motion less than two months after the Seventh Circuit dismissed its appeal. Dkt. 28 at 15–17. Ms. Freeman responds that the delay after the Seventh Circuit's dismissal alone shows that PHH did not file its motion within a reasonable time. Dkt. 31 at 3–4.

Delays exceeding one month generally make a motion to certify for appeal untimely. *See Weir v. Propost*, 915 F.3d 283, 285–87 (7th Cir. 1990) (63-day delay "was gratuitous," making the motion to certify untimely); *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1008 (7th Cir. 2002) (35-day delay was

reasonable in a case of first impression); *Clay v. Union Pacific R.R. Co.*, No. 24-cv-4194, 2025 WL 1651529 at *2 (N.D. Ill. June 10, 2025) ("[R]equests filed more than a month or so after the order sought to be appealed are often deemed untimely," but a 28-day delay was "not . . . unreasonable" for "a novel question of state law.").  The nearly five-month delay here far exceeds that benchmark, making PHH's motion untimely.  *See Weir*, 915 F.3d at 285–87; *Ballheimer v. Batts*, No. 1:17-cv-1393-SEB-DLP, 2020 WL 6161550 at *1 (S.D. Ind. Oct. 21, 2020) (collecting cases and explaining that four-month delays "are routinely rejected as unreasonable by courts within our circuit").

While PHH tries to exclude the time before the Seventh Circuit dismissed its appeal for lack of jurisdiction, it provides no authority in support.  Dkt. 28 at 16–17; dkt. 34 at 3–5.  Instead, the relevant delay runs from "the order sought to be appealed," *Ahrenholz*, 219 F.3d 674, and courts have consistently rejected attempts to exclude time from that clock, *see Weir*, 915 F.3d at 286 (parties cannot reset the time to seek an appeal by asking the district court to amend the interlocutory order); *United States Steel Corp. v. Summit, Inc.*, No. 2:24-cv-126-GSL-JEM, 2026 WL 982639 at *3 (N.D. Ind. Apr. 13, 2026).  PHH also does not explain why the delay through January 2026 should be discounted when the Seventh Circuit raised the appellate jurisdictional issue in November 2025.  *Freeman v. PHH Mortgage Corp.*, 25-2985, dkt. 2.  PHH's response to that order recognized its ability "to request that the district court certify its order for interlocutory appeal," *id.*, dkt. 3, yet PHH waited more than

3

three additional months to file that motion, *see* dkt. 28; *Weir*, 915 F.3d at 285 (certification must be sought "quick on the heels of the order to be appealed").

Even if only the delay after the Seventh Circuit's dismissal counted, PHH's motion would be untimely.  That delay stretched well over a month, from January 7, 2026 to February 24, 2026.  Dkt. 27; dkt. 28.  Such a delay is "alone . . . sufficient grounds" to deny certification.  *Richardson Elecs., Ltd. v. Panache Broadcasting of Penn., Inc.,* 202 F.3d 957, 958 (7th Cir. 2000) ("[A] district judge should not grant an inexcusably dilatory request."); *accord Carroll v. BMW of N. Am.*, No. 1:19-cv-224-JMS-TAB, 2019 WL 4243153 at *3 (S.D. Ind. Sept. 6, 2019).  This case is not so complex to justify the delay because the issues are defined and familiar to PHH from years of litigation in the Bankruptcy Court, this Court, and the Seventh Circuit.[1]  *Cf. Richardson Elecs.*, 202 F.3d at 958 ("[N]o excuse for the defendants' taking two months to appeal has been offered except the patently inadequate one that the case had been 'largely dormant' for nine years, requiring the defendants' lawyer to refamiliarize himself with it.").

In sum, PHH has not acted within a reasonable time to avoid "gratuitous interruption" and delay in the proceedings.  *Sterk,* 672 F.3d at 536; *Ahrenholz,*

---

[1] PHH offers inconsistent accounts of this case's complexity.  It first argues that certification is appropriate because this case presents "a pure legal question" with "undisputed" facts that the Seventh Circuit can "quickly and cleanly" study and decide.  Dkt. 28 at 8.  But in trying to excuse its delay, PHH contends that  "the issue posed in this motion is nuanced and required significant time to research each aspect." *Id.* at 17.

219 F.3d at 676.  Its motion to certify order for interlocutory appeal is therefore

**DENIED**.  Dkt. [28].

**SO ORDERED.**

Date: 4/17/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel